## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re: | Case No.  10-01277 (BKT) |
| HORACIO JUAN ACOSTA VILLEGAS | |
| *Debtor* | Chapter 13 |

### RESPONSE TO TRUSTEE'S UNFAVORABLE REPORT ON CONFIRMATION

TO THE HONORABLE COURT:

COME Now Debtors represented by the undersigned attorney, and respectfully state and pray as follows:

1.      On July 7, 2010 the Trustee filed a Report on Confirmation issuing an Unfavorable Recommendation with regards to Debtors' Proposed Plan dated June 14, 2010.

2.      The grounds for the Trustee's unfavorable recommendation were as follows: "[f]ails Disposable Income Test § 1325 (b) (1) (B): Debtor to provide legal grounds why the social security benefits included as an "expense" in Schedule J are not part of his projected disposable income."

3.      Debtor respectfully responds and addresses the Trustee's report on confirmation as follows:

4.      It is debtor's position that Social Security Income as listed in his Schedule I[1] should not be considered in determining whether he has contributed all of his projected disposable income to fund the plan pursuant to 11 U.S.C. 1325 (b) (1) (B), since "current monthly income" as defined by the Bankruptcy Code, specifically excludes any benefits received under the Social Security Act from its computation. *See* 11 U.S.C.  § 101 (10A).

---

1 In order to comply with § 521 (a) (1) of the Code debtor properly disclosed his current income and expenditures. Thus, he listed his social security benefit as income in Schedule I and as income exclusion in Schedule J.

*Response to Trustee's Unfavorable Report on Confirmation*

*Page -2-*

5.     The plain language of the Code provides that Social Security benefits are to be excluded from the calculation of disposable income. The phrase "disposable income" as defined by the Code in subsection (b) (2) of section 1325 means:

> [c]urrent monthly income received by the debtor (other than… disability payments for a dependent child made in accordance to nonbankruptcy law to the extent reasonable necessary to be expended for such child)  less amounts reasonably necessary to e expended—
>
> (A) (i) for the maintenance or support of the debtor or a dependent of the debtor, or for  domestic support objection, that first becomes payable after the date the petition is filed…"
> 11 U.S. C. 1325 (b) (2).

6.     Such definition incorporates the other defined term, "current monthly income". Section 101 (10A) states that "current monthly income"

> (A) means the average monthly income from all sources that the debtor receives… without regard to whether such income is taxable income… and (B) includes any amount paid by any entity other than the debtor… an a regular basis for the household expenses of the debtor or the debtor's dependents (and in a joint case the debtor's spouse if not otherwise a dependent), **but excludes benefits received under the Social Security Act**…
> 11 U.S.C. 101 (10A) (emphasis added).

7.     As it can be read from the plain language of these two definitions it is clear that neither disposable income nor current monthly income includes any benefit received under the Social Security Act by a debtor in a bankruptcy case.

8.     Congress expressly conferred a special treatment to social security benefits and in light of 11 U.S.C. 101 (10A)'s explicit exclusion of social security benefits from the calculation of the current monthly income, the courts cannot compel debtors to include those benefits in their calculation of disposable income. Accordingly, social security income is not required to be included in

*Response to Trustee's Unfavorable Report on Confirmation*

*Page -3-*

the analysis of whether the debtor is contributing all of his projected disposable income to his plan under §1325 (b) (1) (B). In re Ward, 359 B.R. 741, 744-46 (Bankr. W.D. Mo. 2007). *See also* In re Schnaut, 342 B.R. 601, 605 (Bankr. W.D. Mo. 2006); and In re Barfknecht, 378 B.R. 154 (Bankr. W.D. Tex. 2007).

9.      Even considering that the phrase "projected disposable income" is a forward looking figure pursuant to the recent Supreme Court decision in *In re Lanning*, 560 U.S. _____ (2010), it is debtor' s position that such phrase incorporates the term "current monthly income" which is defined in the Code, and that defined term explicitly excludes Social Security benefits. In re Kibbe, 361 B.R. 302 (1st Cir. BAP 2007). That is, section 101 (10A) continues to apply inasmuch as it describes the sources of revenue that constitute income, as well as those that do not. *See* In re Hardacre, 338 B.R. 718, 722 (Bankr. N.D. Tex. 2006). Therefore, a plain reading of the Bankruptcy Code demands that benefits under the Social Security Act do not count as income for any purpose. That is why the debtor herein is not obliged to include his social security benefits to fund his plan.

10.      In light of the above, it is respectfully requested that the Trustee's Report on Confirmation be denied and that debtor's proposed plan dated June 14, 2010 be confirmed.

WHEREFORE, Debtor hereby prays from this Honorable Court to deny the Trustee's Report on Confirmation and to enter an order confirming his plan.

I HEREBY CERTIFY that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all CM/ECF participants, including the Chapter 13 Trustee.

*Response to Trustee's Unfavorable Report on Confirmation*

*Page -4-*

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 12th day of July, 2010.

**ALMEIDA & DÁVILA, P.S.C.**
PO Box 191757
San Juan, Puerto Rico 00919-1757
Phone: (787) 722-2500
Fax: (787) 722-2227

**S/ ENRIQUE M. ALMEIDA BERNAL**
USDC-PR 217701
Email: ealmeida@almeidadavila.com

**S/ ZELMA DÁVILA CARRASQUILLO**
USDC-PR 218913
Email: zdavila@almeidadavila.com